**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-10987
(Summary Calendar)
_____

CRAIG ARTHUR TEETER,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:94-CV-236-D)
_____

July 22, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Craig Arthur Teeter, Texas state prisoner No. 457510, appeals from the district court's

dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Teeter argues

that he did not receive adequate notice of the State's intention to seek an affirmative finding of the

use of a deadly weapon.  We have reviewed the record and find no reversible error.

**DISCUSSION**

Teeter received constitutionally adequate notice of the possibility that the State might seek

a deadly weapon finding.   See Ables v. Scott, 73 F.3d 591 (5th Cir.), cert. denied, 116 S. Ct.

---

Pursuant to Local Rule 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in Local Rule
47.5.4.

1696 (1996). Teeter was made aware of the State's evidence against him before the trial court instructed the jury on the deadly weapon finding, to which Teeter objected. See Ables, 73 F.3d at 594. The victim testified both at trial and at a pretrial hearing that Teeter "pushed his way" into her apartment with a gun and held the gun to her head.

Further, prior to trial, the State made Teeter a written plea offer, which was filed with the court, that it would accept a plea bargain for ten years' imprisonment if it included a finding of a deadly weapon. Teeter's trial counsel stated in an affidavit that he had conveyed the State's plea offer to Teeter by letter and had then spoken with Teeter about the plea offer. In the letter, Teeter's counsel informed Teeter that the State was "offering [him] a dime with a finding of a deadly weapon in exchange for a plea." The fact that Teeter rejected the State's offer of a plea and elected to stand trial does not vitiate the notice that the plea offer provided to Teeter that the State might attempt to obtain a deadly weapon finding. See Ables, 73 F.3d at 594.

Finally, the trial court made a specific finding of fact on state habeas review that Teeter had been informed that the State would be seeking a deadly weapon finding. Teeter has presented nothing to indicate that a federal court should not accept this factual finding. See 28 U.S.C. § 2254(d).

Given the victim's testimony both at trial and at a pretrial hearing, the State's written plea offer, counsel's letter informing Teeter of the plea offer and counsel's representations that he later spoke with Teeter about the plea offer, and the state court's finding that Teeter had been informed that the State would seek a deadly weapon finding, Teeter received constitutionally adequate notice of the possibility that the State might seek a deadly weapon finding. See id.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court denying Teeter's petition for a writ of habeas corpus.